UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEEKYANTS INDIA PRIVATE LTD.,

> Plaintiff,

v.

I.AM.PLUS LLC and R. CHANDRASEKAR,

> Defendants.

No. 25-CV-4352 (RA)

MEMORANDUM
OPINION AND ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff GeekyAnts India Private Limited, an Indian corporation, brings this action for breach of contract against Defendants i.am.plus LLC, a California limited-liability company, and R. Chandrasekar, an individual alleged to be a resident of California. Dkt. 3 ("Compl.") ¶¶ 4–5, 22–27. The Complaint was filed on May 28, 2025, and Defendants have not yet been served. On December 8, 2025, the Court directed Plaintiff to submit a letter "indicating why the Court should not dismiss the action without prejudice, pursuant to Rule 4(m)." Dkt. 18. After Plaintiff filed a letter indicating that alternative service may be required, the Court directed Plaintiff to make a formal motion for the same. Dkt. 20. That motion is now before the Court. Dkt. 21 ("Pl. Mot."). Plaintiff asks the Court to authorize alternative service on Defendants and extend its deadline to effectuate service. *Id.* ¶ 26. For the following reasons, Plaintiff's motion is granted in part and denied in part, albeit without prejudice to renewal.

## LEGAL STANDARD

Federal Rule of Civil Procedure 4(e)(1) "permits a plaintiff to serve an individual defendant by following state law for serving a summons where the district court is located." *CE Line One*

*Corp. v. Masters*, 2025 WL 1099597, at *2 (S.D.N.Y. Apr. 11, 2025).[1]  A corporation may also be served "in the manner prescribed by Rule 4(e)(1) for serving an individual."  Fed. R. Civ. P. 4(h)(1)(A).

"Under New York law, a plaintiff may serve an individual defendant in such manner as the court, upon motion without notice, directs, if service is impracticable under the methods enumerated in the C.P.L.R."  *CE Line One Corp.*, 2025 WL 1099597, at *2; *see* N.Y. C.P.L.R. § 308(5).  For natural persons, the C.P.L.R. provides "for service by personal delivery, delivery and mailing, and nailing and mailing."  *Shim v. Luxury Asset Cap., LLC*, 2025 WL 3039958, at *1 (S.D.N.Y. Oct. 31, 2025); *see* N.Y. C.P.L.R. § 308(1)–(4).

Likewise, under New York law, if service on a foreign LLC "is impracticable under" the methods defined in C.P.L.R. § 311-a(a), "it may be made in such manner as the court, upon motion without notice, directs."  N.Y. C.P.L.R. § 311-a(b).  Section 311-a(a) provides that:

> Service of process on any domestic or foreign limited liability company shall be made by delivering a copy personally to (i) any member of the limited liability company in this state, if the management of the limited liability company is vested in its members, (ii) any manager of the limited liability company in this state, if the management of the limited liability company is vested in one or more managers, (iii) to any other agent authorized by appointment to receive process, or (iv) to any other person designated by the limited liability company to receive process, in the manner provided by law for service of a summons as if such person was a defendant.

*Id.* § 311-a(a).  New York's Limited Liability Company Law further provides that "foreign limited liability companies may be served via the Secretary of State."  *AP MA Funding LLC v. Caps Plantation LLC*, 2025 WL 3638731, at *3 (S.D.N.Y. Dec. 16, 2025).  If the LLC is authorized to do business in New York, "a plaintiff may alternatively effect service by delivering or electronically submitting the summons to the Secretary of State."  *Id.* at *2.  "If the foreign [LLC]

---

[1] Unless otherwise indicated, quotations omit all internal citations, quotation marks, footnotes, and omissions, and adopt alterations.

is not so authorized but is otherwise subject to personal jurisdiction in New York, a plaintiff may effect service by delivering or electronically submitting the summons to the Secretary of State and mailing the summons to the [LLC] at the address on file with the equivalent government body in the [LLC]'s home state, or, if no addresses are specified there, to the last address known to the plaintiff." *Id.*; *see Ok-gu v. DistroKid, Inc.*, 2026 WL 621823, at *3 (S.D.N.Y. Mar. 4, 2026) (similar); N.Y. Ltd. Liab. Co. Law §§ 303–304.

These provisions of the C.P.L.R. require "a showing of impracticability of other means of service, but [do] not require proof of due diligence or of actual prior attempts to serve a party under the other provisions of the statute. The meaning of impracticability depends upon the facts and circumstances of the particular case." *Ferrarese v. Shaw*, 164 F. Supp. 3d 361, 365 (E.D.N.Y. 2016); *see AP MA Funding*, 2025 WL 3638731, at *3 ("Although the impracticability standard is not capable of easy definition, in general, a plaintiff must make some showing that the other prescribed methods of service could not be made."). A plaintiff must ordinarily, "for each of the . . . [statutorily provided] methods of service, set forth factual allegations to establish, for example, what steps plaintiff had taken to effect service pursuant to the prescribed methods, when such steps were undertaken, and/or why such steps were not practicable under the particular facts and circumstances." *Coney v. Trs. of Columbia Univ. in City of N.Y.*, 2025 WL 1904319, at *1 (S.D.N.Y. July 10, 2025); *see Avail 1 LLC v. Kalsi*, 2023 WL 7297214, at *2 (S.D.N.Y. Nov. 6, 2023) (same).

## DISCUSSION

Plaintiff now moves the Court to authorize alternative service and extend its deadline for alternative service. Plaintiff avers that it has "made diligent efforts to identify and serve Defendants through conventional means," and has "attempted service at the addresses known to

Plaintiff and associated with Defendants' business operations, but those attempts were unsuccessful." Pl. Mot. ¶¶ 12–13. Plaintiff further states that it "believes that Defendants cannot presently be located through the addresses associated with their known business operations and online commercial activities" because it has "reason to believe the addresses associated with Defendants are inaccurate, outdated, incomplete, vacant, or otherwise insufficient for purposes of effectuating personal service." *Id.* ¶¶ 4, 15. Nevertheless, "Plaintiff has reason to believe that Defendants actively utilize the email addresses and electronic communication channels identified by Plaintiff in connection with their business operations and/or communications relating to the conduct at issue in this action." *Id.* ¶ 20. It thus requests that this Court authorize service via electronic mail on Defendants. *Id.* ¶ 19.

The Court finds that Plaintiff has not yet made the requisite showing of impracticability for each of the "prescribed methods" of service, *Coney*, 2025 WL 1904319, at *1, and thus denies its motion for alternative service. "Courts have found traditional means of service to be impracticable in cases where a plaintiff demonstrates that it could not locate a defendant despite diligent efforts to identify their whereabouts or contact information, or where a plaintiff shows that a defendant is actively evading service." *AP MA Funding*, 2025 WL 3638731, at *3; *see Europgold Ltd. v. Silver N Gold Wholesale LLC*, 2025 WL 1898949, at *2 (S.D.N.Y. July 9, 2025). It appears that Plaintiff has only attempted personal service on Defendants, at the "addresses known to Plaintiff and associated with Defendants' business operations." Pl. Mot. ¶ 13. But Plaintiff has submitted nothing more than conclusory assertions of its "diligent efforts" to "identify and serve Defendants through conventional means." *Id.* ¶ 12. Plaintiff does not explain, for example, the "source" of the addresses at which it attempted to serve Defendants or "any efforts undertaken to determine whether Defendants may be found at any other addresses." *AP MA Funding*, 2025 WL 3638731,

4

at *3; *see, e.g.*, *Lateral Recovery LLC v. Benchmark Builders, Inc.*, 2023 WL 4549529, at *2 (S.D.N.Y. July 14, 2023).  It does not even disaggregate its attempts to serve Defendant i.am.plus LLC, a limited-liability company, and Defendant R. Chandrasekar, a natural person.

Plaintiff does not, moreover, provide any details about the number of times or circumstances in which it attempted personal service.  New York courts have generally required "approximately three attempts at [personal] service, optimally on non-consecutive days" before making a finding that personal service is impracticable, and have further indicated that these attempts "should be made during times when the defendant could be reasonably expected to be found at their actual place of business, dwelling place, or usual place of abode." *Gravitas Search Partners LLC v. Deutsch*, 2025 WL 2243720, at *17 (S.D.N.Y. Aug. 6, 2025) (collecting cases).

Finally, Plaintiff has not addressed "the practicability of any method of service other than personal delivery." *AP MA Funding*, 2025 WL 3638731, at *5.  For example, it does not explain why nail-and-mail service on Chandrasekar under C.P.L.R. § 308(4) is impracticable.  Moreover, though Plaintiff has pleaded that Chandrasekar is the "sole owner and manager" of i.am.plus LLC, Compl. ¶ 6, it does not explain whether any other agent authorized to receive service on behalf of the LLC exists, pursuant to C.P.L.R. § 311-a, or whether it has attempted to serve the LLC through the Secretary of State.  *See* N.Y. Ltd. Liab. Co. Law. §§ 303–304.  It also does not explain why service upon the LLC through either method would be impracticable.

At bottom, Plaintiff fails to provide sufficient detail about its prior attempts at service from which the Court can make an assessment of its impracticability.  Courts in this District have found that a plaintiff failed to make a showing of impracticability on much more detailed and comprehensive records of attempts at personal service than those offered by Plaintiff here.  *See, e.g.*, *Coney*, 2025 WL 1904319, at *2 (finding that a plaintiff did not demonstrate impracticability

5

even where she "appear[ed] in-person to places of employment" and "search[ed] for current residential addresses within the State of New York, utilizing search databases"); *AP MA Funding*, 2025 WL 3638731, at \*3 (same, where plaintiff "made no showing that it conducted diligent searches for relevant addresses or that Defendants have been evading service"); *Gravitas Search Partners*, 2025 WL 2243720, at \*18 (same, where plaintiff made three attempts at personal service at a time when a defendant was not "reasonably expected to be found at home").

## CONCLUSION

For the foregoing reasons, Plaintiff's request for an extension of time to effectuate service is granted, though its motion for alternative service is denied without prejudice to renewal. By July 10, 2026, Plaintiff shall either serve Defendants or submit a renewed motion for alternative service, provided that it can make the requisite showing of impracticability. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 21.

SO ORDERED.

Dated:    June 12, 2026
          New York, New York

Ronnie Abrams
United States District Judge