UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEEKYANTS INDIA PRIVATE LTD., Plaintiff, v. I.AM.PLUS LLC; R. CHANDRASEKAR, Defendants. | 25-CV-4352 (RA) MEMORANDUM OPINION AND ORDER |

RONNIE ABRAMS, United States District Judge:

Plaintiff GeekyAnts India Private Ltd., an Indian corporation, brings this action for breach of contract against Defendants i.am.plus LLC, a California limited liability company, and R. Chandrasekar, an individual alleged to be a resident of California. *See* Dkt. 3 ("Compl.") ¶¶ 4–5, 22–27. The Complaint was filed on May 28, 2025. On December 8, 2025, the Court directed Plaintiff to submit a letter "indicating why the Court should not dismiss the action without prejudice, pursuant to Rule 4(m) [of the Federal Rules of Civil Procedure]." Dkt. 18. On April 30, 2026, Plaintiff moved for alternative service. *See* Dkt. 21. The Court denied that motion without prejudice on June 12, 2026. Dkt. 22. Three months later, on September 4, 2026, Plaintiff filed a status update informing the Court that i.am.plus LLC had been successfully served and that it had sent a waiver of service request to an email address previously associated with Chandrasekar. *See* Dkt. 26. Later that same day, Plaintiff filed a renewed motion for alternative service. *See* Dkt. 27 ("Pl. Mot."). The Court held that it would rule on Plaintiff's renewed motion for alternative service if the waiver request went unanswered. *See* Dkt. 28.

To date, Chandrasekar has not returned a signed waiver. Accordingly, the Court now resolves Plaintiff's renewed motion for alternative service. For the reasons that follow, Plaintiff's

motion is denied.

**LEGAL STANDARD**

Rule 4 of the Federal Rules of Civil Procedure permits service of process on an individual in accordance with the law of the forum state—here, New York. *See* Fed. R. Civ. P. 4(e)(1). Under New York's Civil Practice Law & Rules ("CPLR"), "[t]he traditional methods of service include personal service or delivery to the actual place of business or dwelling place of the person to be served and by either mailing the summons to the . . . last known residence or actual place of business of the person to be served." *Tantaros v. Fox News Network, LLC*, No. 25-CV-1675, 2025 WL 2237407, at *1 (S.D.N.Y. Aug. 6, 2025) (quoting CPLR § 308(1)-(2)).[1] "If service through these methods cannot be made with due diligence, then a party may effectuate service under Section 308(4) by affixing the summons to the door of either the actual place of business [or] dwelling place of the person to be served and mailing the summons to such person at his or her last known residence or . . . mailing the summons by first class mail to the person to be served at his or her actual place of business." *Id.* (quoting CPLR § 308(4)).

If a plaintiff demonstrates that the above methods of service are "impracticable," a court may order that the plaintiff serve the defendant by an alternative method, including email. *See CE Line One Corp. v. Masters*, No. 24-CV-9889, 2025 WL 1099597, at *2 (S.D.N.Y. Apr. 11, 2025). The alternative method of service must comport with constitutional due process "by being reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Sirius XM Radio Inc. v. Aura Multimedia Corp.*, 339 F.R.D. 592, 593 (S.D.N.Y. 2021); *see Oneida Indian Nation of N.Y. v.*

---

[1] Unless otherwise noted, case quotations omit all citations, quotation marks, alterations, and footnotes.

*Madison County*, 665 F.3d 408, 428 (2d Cir. 2011) ("[T]he Due Process Clause of the Fourteenth Amendment requires notice that is reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.").

**DISCUSSION**

Plaintiff contends that the traditional methods of service are impracticable because Chandrasekar is no longer associated with the addresses known to Plaintiff. Plaintiff represents that on November 24, 2025, a registered process server attempted service on both Defendants at i.am.plus LLC's former office, but that an occupant informed the process server that "the business had moved out and neither Defendant was present." Pl. Mot. at 2; *see* Dkt. 27-1 ("Kaushik Decl.") ¶¶ 4–6. Plaintiff further represents that it has identified one potential further address for Chandrasekar from a 2017 filing by i.am.plus LLC's former manager, a corporation known as "I.AM.PLUS Electronics, Inc." *See* Kaushik Decl. ¶¶ 7–8; Pl. Mot. at 2. Publicly available listings, however, now "identify [that address] as a commercial property presently operating as an event and production venue under a different name." Kaushik Decl. ¶ 8. Plaintiff argues that service at this address is therefore "probably futile." Pl. Mot. at 2 (quotation marks omitted).

Plaintiff asks the Court to authorize service by email supplemented by first-class mail to certain addresses. *See* Pl. Mot. at 3 ("Service by email, supplemented by mail, is reasonably calculated to reach Chandrasekar."). Specifically, Plaintiff seeks authorization to serve Chandrasekar by email to chandrasekar.rathakrishnan@iamplus.com and by first-class mail to three addresses: 330 North Brand Boulevard, Glendale, California 91203; 809 North Cahuenga Boulevard, Los Angeles, California 90038; and 800 Cole Avenue, Los Angeles, California 90038. *See id.* The motion is denied, as the Court concludes that service via email to

chandrasekar.rathakrishnan@iamplus.com and mail to the three selected addresses is not "reasonably calculated, under the circumstances, to apprise [Defendant Chandrasekar] of the pendency of the action and afford [him] an opportunity to present [his] objections." *Sirius XM Radio*, 339 F.R.D. at 593.

"Service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant." *Who Decides War LLC v. 884886 CH Store*, No. 25-CV-00682, 2026 WL 3135921, at *3 (S.D.N.Y. Oct. 20, 2026). "As a general matter, in those cases where service by email has been judicially approved, the movant supplied the Court with some facts indicating that the person to be served would be likely to receive the summons and complaint at the given email address." *NYKCool A.B. v. Pac. Int'l Servs., Inc.*, 66 F. Supp. 3d 385, 391 (S.D.N.Y. 2014). Here, as Plaintiff acknowledges, the last confirmed use of the email address chandrasekar.rathakrishnan@iamplus.com was in April 2022, more than four years ago. *See* Kaushik Decl. ¶ 6; Dkt. 27, Ex. A at 11. Plaintiff suggests that service via email is nevertheless reasonably likely to reach Chandrasekar because "[t]he [email] address is on [i.am.plus LLC]'s own domain, and Chandrasekar is the officer who executed each of the LLC's agreements with Plaintiff." Pl.'s Mot. at 3. But all of the agreements to which Plaintiff refers were likewise executed in early 2022, *see* Kaushik Decl. ¶ 6, and Plaintiff has not presented any recent filing that identifies Chandrasekar as a current officer of i.am.plus LLC.[2] Accordingly, because Plaintiff has not offered any evidence to suggest that Chandrasekar has used the email address chandrasekar.rathakrishnan@iamplus.com in several years, the Court concludes that service to this

---

[2] The Complaint alleges that Chandrasekar is the owner and manager of i.am.plus LLC based on "the records maintained by the California Secretary of the State's Office." Compl. ¶ 6. But Plaintiff concedes that the "LLC's last complete Statement of Information" was filed with the California Secretary of State on December 8, 2017. Kaushik Decl. ¶ 7.

email alone would not comport with due process. *See, e.g.*, *Paushok v. Ganbold*, 487 F. Supp. 3d 243, 246 (S.D.N.Y. 2020) (concluding that service by email alone would not comport with due process where "[the plaintiff] offered no evidence that the [defendants] . . . used the[] [email] addresses in the past five years"); *Ferrarese v. Shaw*, 164 F. Supp. 3d 361, 367 (E.D.N.Y. 2016) (rejecting request for alternative service where the "petitioner . . . provided little evidence that the defendant uses the email address"); *Sec. & Exch. Comm'n v. Bahgat*, No. 17-CV-971, 2020 WL 1677378, at *2 (W.D.N.Y. Apr. 6, 2020) (rejecting request for alternative service via email where more than twelve months had elapsed between the defendant's last known use of the address and the plaintiff's attempt to serve him).

"Where recent usage of the relevant email address has not been proven," courts have sometimes permitted alternative service via email "as one method of alternative service, in combination with others." *Rauch Indus., Inc. v. Heart Artist LLC*, No. 25-CV-7950, 2025 WL 3537848, at *6 (S.D.N.Y. Nov. 25, 2025); *see, e.g., Berdeaux v. OneCoin Ltd.*, No. 19-CV-4074, 2020 WL 409633, at *2 (S.D.N.Y. Jan. 24, 2020). Here, in addition to service via email, Plaintiff also proposes service via first-class mail to three addresses. The Court concludes, however, that service to these addresses is not likely to reach Chandrasekar.

Plaintiff first proposes service via first-class mail to the address for i.am.plus LLC's registered agent: 330 North Brand Boulevard, Glendale, California 91203. *See* Pl. Mot. at 3. But Plaintiff concedes that the registered agent, CT Corporation System, "is designated for the LLC only and does not accept service for Chandrasekar individually." Pl. Mot. at 3; *see* Kaushik Decl. ¶ 5. Plaintiff does not articulate why CT Corporation System would be obligated to accept, process, or forward any legal documents for Chandrasekar. Nor does Plaintiff dispute that service of process on the registered agent for a company does not constitute service of process on an

individual officer. *See LiveVideo.AI Corp. v. Redstone*, No. 24-CV-6290, 2025 WL 641465, at *8 (S.D.N.Y. Feb. 27, 2025) (collecting cases). Accordingly, the Court concludes that service via first-class mail to 330 North Brand Boulevard is not reasonably calculated to apprise Chandrasekar of the suit.

Plaintiff also proposes service via first-class mail to i.am.plus LLC's principal and mailing address as reflected in the records of the California Secretary of State: 809 North Cahuenga Boulevard, Los Angeles, California 90038. *See* Pl. Mot. at 3. But Plaintiff represents that its registered process server attempted service on both Defendants at this address and that an occupant at the address informed the process server that i.am.plus LLC "had moved out and that neither the LLC nor Chandrasekar was present." Kaushik Decl. ¶ 4; *see also id.* ¶ 8 ("809 North Cahuenga Boulevard . . . was found vacated when service was attempted in November 2025."). Service by mail to an address that Defendants have vacated is not reasonably calculated to apprise one of these Defendants of the suit.

Finally, Plaintiff proposes service via first-class mail to an address for Chandrasekar identified in a 2017 filing of an affiliate of i.am.plus LLC: 800 Cole Avenue, Los Angeles, California 90038. *See* Pl. Mot. at 2–3. But Plaintiff represents that the affiliate "forfeited its California registration on May 3, 2021," that "[p]ublicly available real-estate and business listings identify 800 Cole Avenue as a commercial property," and that Plaintiff has "found no record, listing[,] or other source associating Chandrasekar with that address after 2017, and no indication that he is or was resident there." Kaushik Decl. ¶ 8. Indeed, Plaintiff alleges that "[d]elivery or affixing [at 800 Cole Avenue] would be a 'probably futile' gesture." Pl. Mot. at 2 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 317 (1950)); *see* Kaushik Decl. ¶ 7. In light of these representations, the Court concludes service at this address is not reasonably calculated to

reach Chandrasekar.

In sum, service via email and mail to the three selected addresses is not reasonably calculated, under the circumstances, to apprise Chandrasekar of the pendency of the action and afford him an opportunity to present his objections.

## CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's renewed motion for alternative service. Plaintiff shall inform the Court by November 12, 2026 whether it intends to move for a certificate of default judgment against Defendant i.am.plus LLC. The Clerk of Court is respectfully directed to terminate the motion pending at Docket Number 27.

SO ORDERED.

Dated: November 5, 2026
New York, New York

Ronnie Abrams
United States District Judge